# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
TAMARA A. PELOSI, et al.,

                Plaintiffs,

- against -

JOSEPH PFEFFER, et al.,

                Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 03-2362 (JS) (JO)

**JAMES ORENSTEIN, United States Magistrate Judge:**

Edward M. Shaw, Esq., who is counsel to plaintiff Alexander Mawyer ("Mawyer"), advised me that he has been unable to contact Mawyer for the purposes of scheduling further proceedings in this case. For the reasons set forth below, I recommend that Mawyer's claims be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

I.    Background

On May 12, 2003, plaintiffs commenced this case pursuant to 42 U.S.C. § 1983. Docket Entry ("DE") 1. On November 17, 2003, Magistrate Judge Michael Orenstein, to whom the case was initially assigned, granted in part defendants' application to stay discovery due to the then-ongoing criminal proceedings related to the death of Theodore Ammon ("Ammon"); the stay was limited to oath or affirmation discovery, documentary discovery was permitted to go forward. DE 13. By letter dated December 14, 2004, Edward Shaw, Esq., who was counsel for all plaintiffs at the time, advised me that the murder prosecution against Daniel Pelosi for the death of Ammon resulted in a conviction. DE 25. Mr. Shaw advised that all parties agreed that the stay should be lifted. *Id.*

By letter dated January 5, 2005, Mr. Shaw advised me that plaintiff Tamara Pelosi would be represented by Michael Meenan, Esq.; Mr. Shaw was (and is) in the process of terminating his

practice. DE 26. He also stated that other plaintiffs would be signing voluntary dismissals. *Id.* Finally, he advised that he cannot reach plaintiff Alexander Mawyer ("Mawyer") to discuss this case. *Id.* at 2. Apparently, the telephone numbers in Mr. Shaw's possession for Mawyer were no longer in service. *Id.* At a conference on January 7, 2005, among other things, I lifted the stay of discovery and entered a discovery schedule. DE 28. As to Mawyer, I stated that:

> Mr. Shaw will continue his efforts to locate plaintiff Mawyer and consult with him about further proceedings in this case; should Mr. Mawyer fail to appear personally or through new counsel at the next conference, I will consider the [] request to recommend a dismissal as against that plaintiff.

*Id.*

By letter dated February 13, 2005, Mr. Shaw advised that his "continued efforts to be in contact with plaintiff Alexander Mawyer have failed, and [he has] no further means to reach him." DE 30. At a conference on February 25, 2005, Mr. Shaw reiterated his statements regarding his attempts to contact plaintiff Mawyer. I stated that "I will file a report and recommendation urging the court to dismiss [Mawyer's] claims." DE 33.

II.     Discussion

A dismissal for failure to prosecute is left to the court's sound discretion. *Jenkins v. City of New York*, 176 F.R.D. 127, 128-129 (1997) (citing *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995)). Courts have the inherent power to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabach R.R. Co.*, 370 U.S. 626, 630-631 (1962). Unless otherwise specified, a dismissal for failure to prosecute under Rule 41(b) is with prejudice. Fed. R. Civ. P. 41(b). Failure to prosecute may involve: (1) a plaintiff's "pattern of dilatory conduct [; or (2)] 'an action lying dormant with no significant activity to move it.'" *Barahman v. Sullivan*, 1992 WL 226293, *1

(E.D.N.Y. May 15, 1992) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

In determining whether a dismissal with prejudice is warranted, the court must examine several factors: "(1) the duration of plaintiff's failure; (2) whether plaintiff received notice that further delay would result in dismissal; (3) whether defendant will suffer prejudice by further delay; (4) a balancing of the need to relieve the court's calendar congestion with the plaintiff's right to due process; and (5) the efficacy of lesser sanctions." *Jenkins*, 176 F.R.D. at 129 (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994)). No one factor is dispositive. *Id.* (citing *Nita v. Conn. Dept. of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)). Under this standard, a dismissal with prejudice is appropriate.

In this case, Mr. Shaw has been unable to contact Mawyer for approximately two months; apparently, Mawyer has not advised Mr. Shaw of his change of address or telephone number. Additionally, Mawyer, as he has not contacted Mr. Shaw, cannot receive notice that further delays would result in dismissal. Notwithstanding, defendants will not suffer any prejudice because the case will continue with three plaintiffs;[1] in that regard, the court's calendar will not be relieved as the case will go forward.

Nevertheless, Mawyer's claims against defendants cannot continue without Mawyer's participation. A dismissal without prejudice, a lesser sanction, is inappropriate because reopening the claim after the remaining parties have conducted discovery will either delay the

---

[1] Mr. Shaw has filed a motion to voluntarily dismiss this case on behalf of plaintiffs Arnold Cherubino and Frank Perrone. DE 31.

resolution of the remaining plaintiffs' claims despite their diligent participation in the discovery process or force the defendants to bear duplicative discovery burdens.

III.     Recommendation

For the reasons set forth above, I recommend that plaintiff Alexander Mawyer's claims against defendants be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IV.     Objections

This Report and Recommendation will be filed on ECF. Mr. Shaw is directed to serve a copy of this Report and Recommendation on Alexander Mawyer's last known address, by certified mail, and to file proof of service with the court. Any objection to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to me within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.2d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
       March 1, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge